UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT DEANDRE HARRIS,

                Plaintiff,

vs.

RANDALL HON, *et al.*,

                Defendants.

_____/

Case No. 1:16-cv-935

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

       This is a *pro se* civil rights action brought by a former prisoner pursuant to 42 U.S.C. § 1983.[1]  This matter is now before the court on plaintiff's motion for judgment on the pleadings (docket no. 41).

## I.      Background

       Plaintiff filed this action in the Court's Northern Division while incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan.  *See* Compl. (docket no. 1).  Although plaintiff was a prisoner at the time, this action involves incidents which occurred prior to his incarceration.  The Court summarized the allegations set forth in plaintiff's complaint as follows:

       Plaintiff Bryant Deandre Harris, a state prisoner currently confined at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Randall Hon, Jenniane Maatman, Bradley Hough, Anthony Beattie, and Richard Reust, who were employed as police officers on the date in question.  Plaintiff also names Parole Officers Corey Bahm and Unknown Clark, as well as the Lansing Police Department.

---

[1] Plaintiff is no longer incarcerated and currently lives in Lansing, Michigan. *See* Letter (docket no. 55).

In his complaint, Plaintiff alleges that in January of 2014, he made a complaint to Defendant Clark regarding his parole officer Defendant Bahm, asserting that Defendant Bahm was "out to get [him]." Plaintiff asked to be assigned a new parole officer. Plaintiff told Defendant Clark that Defendant Bahm had told his girlfriend that "the next thing [Plaintiff] does I'm sending him back to prison." Defendant Clark responded by stating, "The next time you report, we will see if the three of us can come to an agreement to work this out."

Plaintiff alleges that on February 3, 2014, police were dispatched to his residence as the result of a neighbor calling police and complaining that she could hear a female screaming for help. Plaintiff concedes that he refused to open the door to police. When no one answered the door in response to police knocking, Defendant Hon attempted to gain entry through an unlocked bedroom window. As he was looking through the window, Defendant Hon saw Plaintiff's girlfriend, Marissa Mojica, who was the lessee of the apartment, and asked her to open the front door. Ms. Mojica agreed and allowed police to enter the apartment.

Plaintiff claims that as police were entering the residence, he was in the bathroom getting in the shower. Defendant Hon kicked the bathroom door open, damaging the entire door, and escorted Plaintiff to the living room to be questioned. Both Plaintiff and Ms. Mojica told officers that they had been engaged in a verbal dispute and that there was no need for police involvement. Plaintiff alleges that Defendant Maatman took Ms. Mojica to the bedroom and made her remove her clothes so that he could search her body for marks of violence. When Defendant Maatman did not find any signs that Ms. Mojica had been assaulted, police began to question Plaintiff. Plaintiff became agitated and told police to "get out."

Defendant Hon then placed Plaintiff in the police cruiser. Officers asked Ms. Mojica if they could search the residence and she refused to give consent. Defendant Hon then asked Plaintiff if they could search and he refused. Subsequently, Defendant Hon told Ms. Mojica that Plaintiff had consented to the search and police searched the apartment. During the search, police discovered marijuana and cocaine. Ms. Mojica claimed that the marijuana belonged to her. Plaintiff was arrested and charged with assault and battery, possession with intent to deliver cocaine, possession of marijuana, and intimidation / interference with a 911 call.

On February 4, 2014, prosecutor Jonathan Roth dismissed the charges against Plaintiff and Plaintiff was transferred to the Ingham County Jail on a parole detainer. Defendants Bahm and Clark recommended that Plaintiff be returned to prison. Plaintiff asserts that this recommendation was in retaliation for the complaint that he filed on Defendant Bahm.

Plaintiff claims that Defendants' conduct violated his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

Opinion (docket no. 6, PageID.61-62.

After initial screening, the Court dismissed defendants Bahm, Clark and Lansing Police Department, as well as plaintiff's First, Fifth, Eighth and Fourteenth Amendment claims against all defendants. *See* Opinion at PageID.76; Order (docket no. 7). The Court ordered the complaint to be served on defendant Lansing Police Officers Hon, Maatman, Hough, and Beattie as to plaintiff's claim that these defendants violated his Fourth Amendment right to be free from an unreasonable search and seizure. *Id*. at PageID. 64, 76. Although the opinion did not address plaintiff's claims against defendant Lansing Police Officer Reust (who allegedly took part in the search) and the Court did not order service on this defendant, the Clerk's Office issued a waiver of service for Officer Reust along with Officers Hon, Maatman, Hough, and Beattie. Compl. at PageID.7; Opinion at PageID.76; Order at PageID.78; Unexecuted Waiver (docket no. 22). The Court later issued a summons on defendant Reust. *See* Reust Summons (docket no. 35).

After defendants Hon, Maatman, Hough, and Beattie filed their corrected answer (docket no. 21)[2], the Court transferred venue to the Southern Division, where the alleged unconstitutional conduct occurred (i.e., Ingham County). *See* Order (docket no. 31). Shortly thereafter, defendant Reust was served. *See* Reust Summons. Defendants filed another answer to the complaint entitled "Defendant's Answer to Plaintiff's Complaint" (docket no. 36). While the docket entry states that this answer (the "amended answer") was filed on behalf of defendants Hon,

---

[2] The original answer electronically filed by defendants (docket no. 18) was actually a copy of the Court's opinion screening plaintiff's complaint.

3

Maatman, Hough, Beattie, and Reust (*see* docket no. 36), the actual document does not refer to

defendant Reust.  *See* Amended Answer (docket no. 36, PageID.149-161).  Defendants filed yet

another answer (the "second amended answer") which is docketed as "Answer to complaint with

affirmative defenses and jury demand by Richard Reust."  *See* Second Amended Answer (docket no.

39).  Although the docket entry identifies this as Richard Reust's answer, the document itself states

that it is the answer of all remaining defendants Hon, Maatman, Hough, Beattie and Reust.  *Id*. at

PageID.166.  Although the remaining defendants filed three answers to the complaint (docket nos.

21, 36 and 39), they did not seek leave to amend their answer pursuant to Fed. R. Civ. P. 15.

## II.      Plaintiff's motion for judgment on the pleadings

### A.      Legal Standard

Plaintiff's motion seeks judgment on the pleadings.  Such a motion is filed pursuant

to Fed. R. Civ. P. 12(c), which  provides that "[a]fter the pleadings are closed –  but early enough

not to delay trial – a party may move for judgment on the pleadings."

> As numerous judicial opinions make clear, a Rule 12(c) motion is designed
> to provide a means of disposing of cases when the material facts are not in dispute
> between the parties and a judgment on the merits can be achieved by focusing on the
> content of the competing pleadings, exhibits thereto, matters incorporated by
> reference in the pleadings, whatever is central or integral to the claim for relief or
> defense, and any facts of which the district court will take judicial notice.  The
> motion for a judgment on the pleadings only has utility when all material allegations
> of fact are admitted or not controverted in the pleadings and only questions of law
> remain to be decided by the district court.

Wright & Miller, *Federal Practice and Procedure*, Vol. 5C, § 1367 (3rd ed.).

In considering a motion brought pursuant to Fed. R. Civ. P. 12(c), "the court must

accept all the factual allegations of the complaint as true."  *Paskvan v. City of Cleveland Civil

Service Commission*, 946 F.2d 1233, 1235 (6th Cir. 1991).  "The court's inquiry is limited to whether

4

the challenged pleadings set forth sufficient allegations to make out the elements of a right to relief," *Smith v. Michigan*, 256 F. Supp. 2d 704, 705 (E.D. Mich. 2003), and "[t]he motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan*, 946 F.2d at 1235.   For purposes of resolving plaintiff's motion for judgment on the pleadings, "all well-pleaded material allegations of the non-moving party's pleadings are taken as true, and all allegations of the moving party which have been denied are taken as false." *Pension Benefit Guaranty Corporation v. Bank One, N.A.*, 34 F. Supp. 2d 608, 609 (S.D. Ohio 1998).

### B.    Discussion

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004).   To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff has alleged a violation of his Fourth Amendment rights.   The Fourth Amendment protects against unreasonable searches and seizures by a representative of the government.   As the Supreme Court explained:

> The first clause of the Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated. . . ."   This text protects two types of expectations, one involving "searches," the other "seizures."   A "search" occurs when an expectation of privacy that society is prepared to consider reasonable is infringed.   A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property.

5

*United States v. Jacobsen*, 466 U.S. 109, 113 (1984).  "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house.  Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant."  *Payton v. New York*, 445 U.S. 573, 590 (1980).  However, "[i]t is well-established that a warrantless search by law enforcement officials will be upheld if a detainee has voluntarily consented to the search."  *United States v. Van Shutters*, 163 F.3d 331, 335 (6th Cir. 1998).  In such cases, "[t]he government has the burden of demonstrating that consent was 'freely and voluntarily given,' and was not the result of coercion, duress, or submission to a claim of authority.  *Id*. citing *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968).

Plaintiff's motion asks for judgment on the pleadings on his Fourth Amendment claim because in his words "Defendants have essentially admitted to the allegations in the Complaint."  Motion (docket no. 41, PageID.181).[3]  Plaintiff's motion relies on two admissions in the second amended answer, i.e., "Defendants admit that Marisa Mojica stated that Plaintiff did not assault her" (¶ 32), and "officers admit that they did seize and arrest plaintiff without probable cause that a crime had or had been committed" (¶ 13).  *See* Plaintiff's Motion (docket no. 41); Second Amended Answer (docket no. 39).

For their part, defendants' response did not address the legal standard for Fed. R. Civ. P. 12(c) or the substance of plaintiff's motion.  Rather, the response appears to be in the form of a motion for summary judgment, containing Fourth Amendment arguments and affidavits from Officers Hough, Maatman and Hon, and a cursory request that the Court "order appropriate

---

[3] The Court notes that plaintiff did not file a supporting brief as required under W.D. Mich. LCivR 7.1(a).

sanctions" against plaintiff for filing this lawsuit. *See* Defendants' Response (docket no. 43). A few

days after filing their response, defendants submitted unidentified exhibits. *See* Exhibit (docket no.

45). Defendants summarize their position as follows:

> Defendant's Randall Hon, Jenniane Maatman, Bradley Hough, Anthony
> Beattie, Richard Reust and Corey Bahm respectfully requests that this Court deny
> Plaintiff's motion as it is baseless and illogical. Plaintiff's Complaint is a
> compilation of conclusory allegations that Defendant's violated his Constitutional
> Rights. However, Plaintiff lacks standing to bring this matter before the Court and
> his Complaint fails to allege a genuine issue of material fact. Plaintiff's motion
> should therefore be denied and the Complaint should be dismissed.

*Id*. at PageID.187-188. While defendants' response concludes by contesting the "unsubstantiated

allegations of the Plaintiff's Complaint," *see* Defendants' Response at PageID.191, this is not the

issue before the Court. In this regard, the Court notes that defendants' contention that plaintiff lacks

standing was addressed when the Court ordered service on defendants, and that it was unnecessary

for defendants' counsel to file a response on behalf of defendant Bahm because Bahm was dismissed

from this case after initial screening on March 30, 2016. *See* Order (docket no. 7).

Nevertheless, plaintiff's motion for judgment on the pleadings should be denied. While

plaintiff's complaint included 73 paragraphs of allegations and 19 pages of exhibits regarding the

events which occurred on February 3 and 4, 2014, his motion is based upon only two admissions set

forth in ¶¶ 32 and 13 of the second amended answer. *See* Compl. at PageID.1-17; Exhibits (docket

no. 1-1, PageID.18-36). Assuming that the second amended answer is the operative pleading for

defendants, these two paragraphs do not admit that they violated plaintiff's Fourth Amendment

rights.

In ¶ 32 of his complaint plaintiff alleged:

32.　　Next, officers asked the alleged victim Marissa Mojica did plaintiff Harris assault her?  Alleged victim stated "No, it was only a verbal arguement [sic] now can you please leave.  Officers refused to leave again.

Compl. at PageID.7.  In their second amended answer, defendants stated:

32.　　In response to paragraph 32 of Plaintiff's Complaint, Defendants admit in part and deny in part.  Defendants admit that Marissa Mojica stated that Plaintiff did not assault her.  Defendants deny the remaining allegations for the reason that they are untrue.

Second Amended Answer at PageID.170.

With respect to ¶ 13 of the complaint, plaintiff alleged:

13.　　Plaintiff Bryant D Harris was then transported by Officer Randall Hon to the [L]ansing police department and charged with Assault and Battery, possesion [sic] with intent to deliver controlled substances, possesion [sic] of controled [sic] substance - marijuana and Intimidation.  Interfear [sic] with 911 call.

Comp. at PageID.3.  In their second amended answer, defendants stated:

13.　　In response to paragraph 13 of Plaintiff's Complaint, Defendants admit that Defendant Hon transported Plaintiff to Lansing City Lock Up.

Second Amend. Answer at PageID.168.  Plaintiff's reference to these partial admissions do not establish that he is entitled to judgment as a matter of law for either an illegal search or an illegal seizure.  Rather, defendants only admitted that Marissa Mojica made a statement that "Plaintiff did not assault her" and that Officer Hon "transported Plaintiff to Lansing City Lock Up."  Accordingly, plaintiff's motion for judgment on the pleadings should be denied.  *See* Fed. R. Civ. P. 12(c); *Jacobsen*, 466 U.S. at 113; *Paskvan*, 946 F.2d at1235; *Smith*, 256 F. Supp. 2d at 705; *Pension Benefit Guaranty Corporation*, 34 F. Supp. 2d at 609.

8

### III.    Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion for

judgment on the pleadings (docket no. 41) be **DENIED**.


Dated:  February 22, 2017                    /s/ Ray Kent                                          
                                             RAY KENT
                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).